UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RICO RAYSHON RAINEY                                                            Petitioner

v.                                                            Civil Action No. 3:19-cv-P665-RGJ

DIRECTOR CLARK                                                           Respondent

\* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Petitioner Rico Rayshon Rainey, an inmate currently incarcerated in the Louisville Metro Department of Corrections, filed the instant *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 proceeding *in forma pauperis*. The amended petition (DN 6) is currently before the Court for preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases.[1] For the reasons that follow, the Court will summarily dismiss the instant action.

**I.**

In the amended petition, Petitioner states that he is a state pretrial detainee. Where the form asks the filer to state the court that made the decision he is challenging, he states "Louisville Metro County Jail" and lists Case No. 18-CR-2675, presumably from Jefferson County Circuit Court. He states that the case is "ongoing." Petitioner indicates that he has not appealed the decision to a higher court. Thereafter, he indicates that he has filed an appeal with the "Louisville Metro County Jail." He states, "Still lock up 14 month later still no evidence." He also maintains, "Lab test been missing 14 month . . . still not in." He asserts, "Why am I still locked up, need job search and work release. Any relief. The judge keeping my constitution

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may apply the Rules to § 2241 cases.

violated. In need order over judge higher court judgment." Where the form asks the filer, "If you did not appeal this decision to a higher agency or court, explain why you did not[,]" Petitioner responds, "To the highest rank who looks and find detail of trouble I would like your understanding to solving these problems. Their not mine by their self."

As grounds for his petition, Petitioner states, "Warrantless search, entrapment, illegal arrest forrinsic wasnt dont by lab tec. 'wasnt done proper.' Judge sign affidavit warrant after I was already lock up for a complaint." He further asserts, "I have two judges. One is trying to see what the other is doing which is holding up my proceedings in both court 9, Division 10 what am I been delay month and no relief or bond reduction. I keep been denied I havent miss a court date. Everyone else has[.]"[2]

Petitioner also asserts, "My judge is forceing me to use a attorney who reply 'Yo Honnor' Rico is right, I am not been an effective counsel to him. The judge told me I havent went school for law degree or have a citificite." Petitioner continues, "If I go to trial like the attorney said I am it like not haveing a counsel for my defence. Im not having a fair trial!" He further states, "Illegal arrest and more violations. The system, the judge prosecutor detective and lawyer are backing each other up with no consiquences. They pointing finger at me!"

Petitioner asserts, "Locked up on suspicion, forinsic labatory was process befor I was arrainge, bill of particular, is only hearsay, new charge April 16 was never arrange in district court circuit only/Feb 27-2019 McDonald Burkman withdrawal counsel, for convicting a person on purpose and took my case." He continues, "Now I have a pro bono attorney."

Petitioner also states that the date he was arrested was September 5, 2018, and the charge against him is "Rape 1st." He states, "No semen, no forensic no bond reduction, no relief, victim been locked up for heroin and cocain charges." He asserts, "Prosecutor missed court my

---

[2] Plaintiff also requests the appointment of counsel in the amended petition. However, on December 16, 2019, this Court denied his separate motion for appointment of counsel (DN 11).

attorney told judge she's been a poor innerefficient counsel to Rico judge is forcing me to take her to trial sayin she know her to be better then this."

Where the amended petition form asks the filer to state the relief requested, Petitioner states, "I be release now to move forward with another job, maybe even counseling for the prosertuite victim on drug lieing on me and my innocents the court system is failing me, the detective misconduct." He further states, "I dont know how much more I can bear. Its like Im fighting against (girl power) my attorney the prosecutor judge and detective are all females! Their hopeing the victim has proved a point, Im caught up in a disrespectful girls lie!" He continues, "Im the victim Rico R Rainey. Am I supose to turn gay my feeling are really hurt."

## II.

A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although 28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention. *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2nd Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal."); *see also Bronston v. Sabbatine*, No. 93-5648, 1993

3

U.S. App. LEXIS 29970, at *3 (6th Cir. Nov. 16, 1993); *Moore v. Federspiel*, No. 2:09-CV-12673, 2009 U.S. Dist. LEXIS 62306, at *4 (E.D. Mich. July 20, 2009).

Because Petitioner is essentially requesting the Court's review of his pending state charges, federal habeas relief is unavailable. *See Braden*, 410 U.S. at 493. Additionally, to the extent that Petitioner may want a speedy trial or other resolution of those charges, he must exhaust his claims in the state court. *Braden*, 410 U.S. at 489-90; *Atkins*, 644 F.2d at 546 ("[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."). Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc).

In the instant case, it is evident that Petitioner did not exhaust his claims in state court. He can still present any constitutional claims during the course of his criminal trial, on direct appeal, or, if applicable, through a properly filed state collateral attack, such as a petition for writ of mandamus in the appellate court asking that court to compel the trial court to act. Petitioner, therefore, fails to meet his burden of demonstrating exhaustion of available state-court remedies. Moreover, the Court finds no unusual or exceptional circumstances which warrant the Court's involvement in the state court case without Petitioner first exhausting.

The amended petition will, therefore, be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet

to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:



cc: Petitioner, *pro se*
    Respondent
A961.010